UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DARTCONNECT LLC<br><br>Plaintiff,<br><br>v.<br><br>DARTS ATLAS, LLC<br><br>Defendant. | Civil Action No. 6:23-cv-00420<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff DartConnect LLC ("DartConnect"), by and through its undersigned counsel, brings this Complaint for Patent Infringement against Defendant Darts Atlas, LLC ("Defendant") and alleges as follows:

**THE PARTIES**

1. Plaintiff DartConnect is a Delaware limited liability company with its principal place of business located at 263 Huntington #273, Boston, MA 02115. DartConnect is a pioneer in the design, research, development, and creation of dart tournament scoring platforms, systems, software, and accessories.

2. Defendant is a Delaware limited liability company with its principal place of business located at 2204 Santa Rita Street, Austin, Texas 78702.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

1

4. The Court has personal jurisdiction over Defendant because its principal place of business is in this District; it has committed, and continues to commit, acts of infringement in this District; and has conducted business in this District and/or has engaged in continuous and systematic activities in this District.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 because Defendant's maintains its regular and established principal place of business in this District and has committed acts of infringement within this District giving rise to this action.

## PATENTS-IN-SUIT

**U.S. Patent No. 9,989,337**

6. On June 5, 2018, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,989,337 entitled "Dart Scoring System" ("the '337 Patent"). A true and accurate copy of the '337 Patent is attached hereto as **Exhibit 1**.

7. The '337 Patent is valid and enforceable under the laws of the United States.

8. DartConnect is the lawful assignee and exclusive owner of all right, title, and interest in and to the '337 Patent, including the sole and exclusive right to prosecute this action and enforce the '337 Patent against infringers and to collect damages for past, current, and future infringement.

9. The '337 Patent generally covers systems and methods for scoring various dart games.

10. The '337 Patent recognized several problems with existing scoring systems for traditional steel-tipped dart games where manual methods are prone to math errors and slow game play; newer-developed electronic wall-mounted scoring dartboards are site-specific, require specialized darts and can be intimidating to use; visibility of scores can be difficult and prevent

spectators from keeping up with the status of a live game; scheduling logistics for play can be complicated; and game rule variations can decrease accuracy of scoring. *See* Ex. 1 at 1:40-65.

11. The inventions of the '337 Patent solved the problems by teaching an integrated dart scoring platform system that facilitates automatic, real-time scoring for dart tournaments; automatically advancing players through a tournament bracket based on sent scores; and recording tournament player entries and results. The advantages of the inventions of the '337 Patent allow dart players to accurately score their game without time delays for calculations or inconsistencies in rules for various games; removes logistical barriers to game play by allowing opponents in separate locations to play a game; captures and stores data and statistics, eliminating the need for manual documentation; and broadcasts games for spectators to follow. *See* Ex. 1 at 4:6-28.

**U.S. Patent No. 10,443,988**

12. On October 15, 2019, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,443,988 entitled "Dart Scoring System" ("the '988 Patent"). A true and accurate copy of the '988 Patent is attached hereto as **Exhibit 2**.

13. The '988 Patent is valid and enforceable under the laws of the United States.

14. DartConnect is the lawful assignee and exclusive owner of all right, title, and interest in and to the '988 Patent, including the sole and exclusive right to prosecute this action and enforce the '988 Patent against infringers and to collect damages for past, current, and future infringement.

15. The '988 Patent generally covers a platform or system for scoring dart game tournaments.

16. The '988 Patent recognized several problems with existing scoring systems for traditional steel-tipped dart games where manual methods are prone to math errors and slow game

play; newer-developed electronic wall-mounted scoring dartboards are site-specific, require specialized darts and can be intimidating to use; visibility of scores can be difficult and prevent spectators from keeping up with the status of a live game; scheduling logistics for play can be complicated; and game rule variations can decrease accuracy of scoring. *See* Ex. 2 at 1:26-67, 2:1-8.

17. The inventions of the '988 Patent solved the problems by teaching an integrated dart scoring platform system that facilitates automatic, real-time scoring for dart games using mobile computing devices. The advantages of the inventions of the '988 Patent allow dart players to accurately score their game without time delays for calculations or inconsistencies in rules for various games; removes logistical barriers to game play by allowing opponents in separate locations to play a game; captures and stores data and statistics, eliminating the need for manual documentation; and broadcasts games for spectators to follow. *See* Ex. 2 at 4:52-67, 5:1-6.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,989,337

18. Dart Connect incorporates by reference the foregoing paragraphs as if fully restated herein.

19. Dart Connect is informed and believes, and thus alleges, that Defendant has infringed and unless enjoined will continue to infringe one or more claims of the '337 Patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering to sell, and selling within the United States, Defendant's dart scoring systems including the Darts Atlas online platform available at https://www.dartsatlas.com/ and https://kiosk.dartsatlas.com/ (the "Accused Systems").

20. For example, Defendant's Accused Systems embody every limitation of at least claim 1 of the '337 Patent, literally or under the doctrine of equivalents, as set forth in **Exhibit 3**.

21. For example, when placed into operation by Defendant or its end user customers, Defendant's Accused Systems perform the method of Claim 10 of the '337 Patent, as set forth in **Exhibit 4**.

22. At least as early as November 2, 2022, Defendant had knowledge of the '337 Patent and that its Accused Systems infringe at least Claim 1 of the '337 Patent.

23. Nevertheless, Defendant continues to make, use, offer to sell, and sell within the United States its Accused Systems in direct infringement of the '337 Patent.

24. The foregoing actions constitute Defendant's knowing, willful, and intentional past and ongoing infringement of the '988 Patent.

25. DartConnect has been and continues to be damaged as a result of the infringing conduct by Defendant alleged above. Therefore, DartConnect is entitled to injunctive relief to prevent further harm and to damages adequate to compensate DartConnect for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

26. Defendant's infringement of the '377 Patent is exceptional and entitles DartConnect to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

27. DartConnect has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## COUNT II
## INDUCED INFRINGEMENT OF THE '337 PATENT

28.   Dart Connect incorporates by reference the foregoing paragraphs as if fully restated herein.

29.   Defendant has been and/or currently is an active inducer of infringement of the '337 Patent under 35 U.S.C. § 271(b).

30.   Defendant has had knowledge of the '337 Patent and that the Accused Systems infringe since at least as early as November 2, 2022.

31.   Defendant has continued to provide the Accused Systems to its customers and, on information and belief, instructions to use the Accused Systems in an infringing manner while being on notice of the '337 Patent and Defendant's infringement. Therefore, Defendant has known of the '337 Patent as of its own infringing acts since at least as early as November 2, 2022.

32.   Anyone who initiates and scores dart games using the Accused Systems directly infringes Claim 10 of the '337 Patent. **Exhibit 4.**

33.   As demonstrated by Defendant's website, Defendant knowingly and intentionally encourages and aids at least its end-user customers to directly infringe the '337 Patent by initiating and scoring dart games using the Accused Systems. *See, e.g.*, **Exhibit 5** (screenshots from dartsatlas.com/users/sign_up, https://www.dartsatlas.com/tournaments/new, and promotional post on Defendant's Facebook page).

34.   On information and belief, third parties, including Defendant's end-user customers, have initiated and scored dart games using the Accused Systems.

35.   Defendant's end-user customers directly infringe at least one or more claims of the '377 Patent by using the Accused Systems in their intended manner to infringe. Defendant induces such infringement by providing the Accused Systems and instructions to enable and facilitate

infringement, knowing of the existence of the '377 Patent. On information and belief, Defendant specifically intends that its actions will result in infringement of one or more claims of the '377 Patent, or subjectively believes that its actions will result in infringement of the '377 Patent.

36. The foregoing actions constitute Defendant's knowing, willful, and intentional past and ongoing infringement of the '988 Patent.

37. DartConnect has been and continues to be damaged as a result of the infringing conduct by Defendant alleged above. Therefore, DartConnect is entitled to injunctive relief to prevent further harm and to damages adequate to compensate DartConnect for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

38. Defendant's infringement of the '377 Patent is exceptional and entitles DartConnect to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

39. DartConnect has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 10,443,988

40. Dart Connect incorporates by reference the foregoing paragraphs as if fully restated herein.

41. Dart Connect is informed and believes, and thus alleges, that Defendant has infringed and unless enjoined will continue to infringe one or more claims of the '988 Patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering to sell, and selling within the United States, Defendant's dart scoring systems, including the Darts Atlas online platform available at https://www.dartsatlas.com/ and https://kiosk.dartsatlas.com/ (the "Accused Systems").

42. For example, Defendant's Accused Systems embody every limitation of at least claim 1 of the '988 Patent, literally or under the doctrine of equivalents, as set forth in **Exhibit 6**.

43. At least as early as November 2, 2022, Defendant had knowledge of the '988 Patent and that its Accused Systems infringe at least Claim 1 of the '988 Patent.

44. Nevertheless, Defendant continues to make, use, offer to sell, and sell within the United States its Accused Systems in direct infringement of the '988 Patent.

45. The foregoing actions constitute Defendant's knowing, willful and intentional past and ongoing infringement of the '988 Patent.

46. DartConnect has been and continues to be damaged as a result of the infringing conduct by Defendant alleged above. Therefore, DartConnect is entitled to injunctive relief to prevent further harm and to damages adequate to compensate DartConnect for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

47. Defendant's infringement of the '988 Patent is exceptional and entitles DartConnect to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

48. DartConnect has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DartConnect prays for relief as follows:

A. That judgment be entered that Defendant has infringed at least one or more claims of the '377 Patent, directly or indirectly, literally and/or under the doctrine of equivalents;

B.      That judgment be entered that Defendant has directly infringed at least one or more claims of the '988 Patent, literally and/or under the doctrine of equivalents;

C.      Award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the '377 and '988 Patents in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

D.      Award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damages for any such acts of infringement;

E.      Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

F.      Declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damages award pursuant to 35 U.S.C. § 284;

G.      Granting an injunction temporarily and preliminarily during the pendency of this action, and permanently thereafter, enjoining Defendant and any subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation therewith from infringing, contributing to the infringement of, and/or inducing infringement of the '377 and '988 Patents, or a decree awarding damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

H.      Award Plaintiff such other and further relief as this Court deems just and proper.

DATED: June 5, 2023                    Respectfully submitted,

**Neugeboren O'Dowd PC**

*/s/ Carolyn Juarez*
Carolyn Juarez
carolyn@nodiplaw.com
Colorado Bar No. 36050
726 Front St., Ste. 220
Louisville, CO  80027
T:  (720) 536-4904
F:  (720) 536-4910

**Attorneys for Plaintiff DartConnect LLC**